**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 1 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KAI XU,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.   14-73487

Agency No. A089-971-330

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Kai Xu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to Xu's employment in China and his reason for not requiring medical treatment. *See id.* at 1048 (adverse credibility determination supported under the totality of circumstances). Xu's explanations to the agency do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Xu's contention that the agency did not consider evidence is not supported by the record. In the absence of credible testimony, in this case, Xu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Xu's CAT claim also fails because it is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is more likely than not Xu would be tortured if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

2                                                                14-73487

We do not reach Xu's due process contentions regarding the IJ because he did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**